**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**

|  |  |  |
|---|---|---|
| **ANGELA KENDALL;** | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No: |
| | ) | **JURY TRIAL DEMANDED** |
| **ZOLTEK CORPORATION;** | ) | |
| | ) | |
| | ) | |
| SERVE AT: | ) | |
| C T CORPORATION SYSTEM | ) | |
| 3101 McKelvey Rd | ) | |
| Bridgeton, MO 63044-2520 | ) | |
| | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |

## COMPLAINT

COMES NOW Angela Kendall, by and through undersigned counsel, and for their

Complaint states as follows:

### Statement of Case

1. Ms. Kendall was employed by Zoltek Corporation ("Defendant") when she became

disabled due to a workplace injury. Despite her disability, Ms. Kendall is still able to

perform the essential functions of her job with reasonable accommodations however

Defendant refuses to provide them. Furthermore, similarly situated male employees are

provided the same reasonable accommodations Ms. Kendall seeks. As such, she is being

discriminated against based on both her disability and sex. As such, Ms. Kendall brings

this action against Defendant for violations of the Americans with Disabilities Act of

1990 ("ADA") as amended by the ADA Amendments Act of 2008 ("ADAAA"), 42

U.S.C. §§ 12101 to 12213 (collectively, the "ADA") and for violations of Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e) (hereinafter "Title VII").

**Jurisdiction and Venue**

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

3. Venue is proper in this district under 28 U.S.C. § 1391(b)(2), in that a substantial part of the events or omissions giving rise to the claim occurred in this district and 42 U.S.C. § 2000e-5(f)(3), in that the unlawful employment practice was committed in Missouri.

**Parties**

4. Plaintiff Angela Kendall ("Ms. Kendall") is an adult female resident of St. Louis County, MO.

5. For all times relevant, Ms. Kendall was engaged in protected activity as stated herein.

6. Defendant Zoltek Corporation is a corporation created and registered under the laws of Missouri and has the capacity to be sued.

7. Ms. Kendall was an employee of Defendant Zoltek Corporation.

8. Upon information and belief, Defendant employed Ms. Kendall while violating her rights under the ADA and Title VII as described herein.

9. Defendant subject to the ADA and Title VII.

10. Ms. Kendall is protected by the ADA and Title VII.

11. The facts alleged herein occurred in St. Charles County, Missouri.

**Facts**

12. For all times relevant herein, Ms. Kendall worked for Defendants on their production line.

13. Ms. Kendall has a sciatica injury that was caused in March 2021 while at work.

14. She is disabled due to this injury, possibly permanently.

15. Despite this disability, Ms. Kendall can perform all essential functions of her job with reasonable accommodations.

16. Angela Kendall has requested the reasonable accommodations of:

   a. being allowed to sit down immediately after standing to change paper

   b. not being placed on the machines that would require her to crawl on the ground to operate

17. These requests were proper, in writing, and accompanied by documentation from Ms. Kendall's physicians.

18. The accommodations requested would not affect her ability to perform the essential functions of her job.

19. Defendants first granted Ms. Kendall's requests and allowed her to work with the requested accommodations.

20. Defendants then changed their position and said they would no longer grant the accommodations and informed Ms. Kendall that she would only be allowed to work if she remained standing.

21. Ms. Kendall is unable to perform the functions of her job without said reasonable accommodations and was thus terminated.

22. By not allowing the accommodations, Defendants are discriminating against Ms. Kendall due to her disability.

23. Furthermore, there is a similarly situated male employee on a different shift that performs the same job as Ms. Kendall.

24. This employee is allowed to sit down. He is also not placed on machines that require him to crawl on the floor to operate.

25. By granting reasonable accommodations to male employees but not female employees, Defendants are discriminating against Ms. Kendall due to her sex.

26. Furthermore, Ms. Kendall previously parked in a handicap parking spot on the side of the building.

27. After Ms. Kendall began using the spot and requesting accommodations for her disability, Zoltek removed the handicap parking spot from the side of the building.

28. By removing the handicap parking spot on the side of the building, defendants retaliated against Ms. Kendall for seeking the disability accommodation.

**Conditions Precedent**

29. As a result of the unlawful conduct, Ms. Kendall timely and formally filed a charge of discrimination with the EEOC which is attached hereto as "Exhibit 1" and is fully incorporated herein.

30. Ms. Kendall's charge ultimately culminated into a "Notice of Right to Sue" letter which is attached hereto as "Exhibit 2" and is fully incorporated herein.

31. Ms. Kendall has exhausted all necessary administrative requirements and remedies before filing this suit.

**COUNT I DISCRIMINATION - DISABILITY (Failure to Provide a Reasonable Accommodation - Americans With Disabilities Act 42 U.S.C. §§ 12181 et seq) Angela Kendall vs. Zoltek Corporation**

32. Ms. Kendall incorporates all prior paragraphs as though fully set forth herein.

33. Plaintiff is a qualified individual with a disability under the ADA.

34. Defendant is an employer subject to the requirements of the ADA.

35. Plaintiff is able to complete the essential functions of her job with reasonable accommodations.

36. Plaintiff properly requested reasonable accommodations of the Defendant.

37. Defendant refuses to provide these reasonable accommodations to the Plaintiff.

38. As such, Plaintiff is being prevented from working for the Defendant because of her disability.

39. Defendant is discriminating against Plaintiff because of her disability in violation of the ADA.

40. Defendants discriminated against Plaintiff on account of their disability, perceived disability, history of impairment, and Defendant's employment in violation of the MHRA.

41. Defendants stated reasons for not accommodating her disability are pretextual and merely serve as cover for their discriminatory intent.

42. Defendant had actual and/or constructive notice of said unlawful conduct.

43. As a direct and proximate result of the aforementioned conduct, Ms. Kendall has suffered, and is entitled to full compensation from Defendants for, severe economic and non-pecuniary damages, including but not limited to, deprivation of civil rights and other rights under the ADA, lost wages, lost opportunities or promotions and advancement, fringe benefits, nominal damages, as well as emotional distress, along with the costs incurred in enforcing Ms. Kendall's rights including, but not limited to, attorney fees, expert fees and court costs. Pain and suffering, loss of enjoyment of life and mental anguish (garden variety, not medical) were incurred by Ms. Kendall.

44. All of Ms. Kendall's damages are the result of Defendant's unlawful conduct and are of no fault of Ms. Kendall's.

WHEREFORE, Plaintiff Angela Kendall, for this count only, prays that this Court order Defendant Zoltek Coproration to compensate Ms. Kendall with:

    a.   Lost compensation, including wages and benefits;

    b.   Compensatory, nominal and punitive damages in an amount to be determined by the jury and that is fair and reasonable;

    c.   Pre-judgement and post-judgment interest;

    d.   Costs of suit, including reasonable attorney fees and expert fees, and nominal damages, along with all other damages permitted that relief this Court deems just, equitable and appropriate.

### COUNT II DISCRIMINATION - SEX ((42 U.S.C. §§ 2000e et al. – (Title VII))
### Angela Kendall vs. Zoltek Corporation

45. Ms. Kendall incorporates all prior paragraphs as though fully set forth herein.

46. Plaintiff is a qualified individual with a disability under the ADA.

47. Plaintiff is a female employee protected by Title VII.

48. Defendant is an employer subject to the requirements of Title VII.

49. Plaintiff is able to complete the essential functions of her job with reasonable accommodations.

50. Plaintiff properly requested reasonable accommodations of the Defendant, including the ability to sit while working.

51. Defendant will not provide these reasonable accommodations to the Plaintiff.

52. Other similarly situated male employees are allowed to work with the same accommodations that Plaintiff seeks.

53. Defendants allowing male employees to sit while working but not allowing female employees to sit is discriminatory conduct pursuant to the Title VII

54. Defendant discriminated against Plaintiff because of her sex in violation of Title VII.

55. Defendants stated reasons for not accommodating her disability are pretextual and merely serve as cover for their discriminatory intent.

56. Defendant had actual and/or constructive notice of said unlawful conduct.

57. As a direct and proximate result of the aforementioned conduct, Ms. Kendall has suffered, and is entitled to full compensation from Defendants for, severe economic and non-pecuniary damages, including but not limited to, deprivation of civil rights and other rights under the Title VII, lost wages, lost opportunities or promotions and advancement, fringe benefits, nominal damages, as we as emotional distress, along with the costs incurred in enforcing Ms. Kendall's rights including, but not limited to, attorney fees, expert fees and court costs. Pain and suffering, loss of enjoyment of life and mental anguish (garden variety, not medical) were incurred by Ms. Kendall.

58. All of Ms. Kendall's damages are the result of Defendant's unlawful conduct and are of no fault of Ms. Kendall's.

WHEREFORE, Plaintiff Angela Kendall, for this count only, prays that this Court order Defendant Zoltek Coproration to compensate Ms. Kendall with:

    a. Lost compensation, including wages and benefits;

    b. Compensatory, nominal and punitive damages in an amount to be determined by the jury and that is fair and reasonable;

c.   Pre-judgement and post-judgment interest;

d.   Costs of suit, including reasonable attorney fees and expert fees, and nominal damages, along with all other damages permitted that this Court deems just, equitable and appropriate.

### COUNT III RETALIATION (ADA)
### Angela Kendall vs. Zoltek Corporation

59. Ms. Kendall incorporates all other paragraphs as though fully set forth herein.

60. Ms. Kendall engaged in protected activity under the ADA when she requested reasonable accommodations for her disability.

61. Defendant retaliated against Ms. Kendall for engaging in this protected activity by removing the designated handicap parking spot that was being used by Ms. Kendall.

62. Upon information and belief, there is no non-retaliatory reason Defendants removed this parking space.

63. Any purported reasons they Defendants may have for removing the designated parking space is a pretextual coverup for the discriminatory conduct.

64. Ms. Kendall was retaliated against for engaging in protected conduct.

65. As a direct and proximate result of the aforementioned conduct, Ms. Kendall has suffered, and is entitled to full compensation from Defendants for, severe economic and non-pecuniary damages, including but not limited to, deprivation of civil rights and other rights under the ADA, lost wages, lost opportunities or promotions and advancement, fringe benefits, nominal damages, as we as emotional distress, along with the costs incurred in enforcing Ms. Kendall's rights including, but not limited to, attorney fees, expert fees and court costs. Pain and suffering, loss of enjoyment of life and mental anguish (garden variety, not medical) were incurred by Ms. Kendall.

66. All of Ms. Kendall's damages are the result of Defendant's unlawful conduct and are of no fault of Ms. Kendall's.

WHEREFORE, Plaintiff Angela Kendall, for this count only, prays that this Court order Defendant Zoltek Coproration to compensate Ms. Kendall with:

a.  Lost compensation, including wages and benefits;

b.  Compensatory, nominal and punitive damages in an amount to be determined by the jury and that is fair and reasonable;

c.  Pre-judgement and post-judgment interest;

d.  Costs of suit, including reasonable attorney fees and expert fees, and nominal damages, along with all other damages and relief this Court deems just, equitable and appropriate.

Respectfully,

/s/ *Michael J. Gras*

Michael J. Gras, MO 64302
Ross A. Davis MO 62836
Davis and Gras, LLC
4818 Washington Blvd.
St. Louis, Missouri 63108
Telephone: (314) 888-5858
Facsimile: (314) 888-5856
mgras@davisandgras.com
rdavis@davisandgras.com

***Attorney for Angela Kendall***